CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
for R'noke
MAY 2 0 2009
JOHN F CORCORAN, CLERK
BY: K Botson
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| THOMAS BROWN, ) | |
|     Plaintiff, ) | Civil Action No. 7:08cv00521 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| NIPPER AUTO PARTS AND ) | |
|     SUPPLIES, INC., ) | By: Samuel G. Wilson |
|     Defendant. ) | United States District Judge |

    This is an overtime compensation suit by Plaintiff Thomas Brown against his former employer Nipper Auto Parts and Supplies, Inc. ("Nipper Auto") for alleged violations of the Fair Labor Standards Act of 1938, 20 U.S.C. §§ 201, *et seq.* (2000) ("FLSA"). Brown claims that Nipper Auto owes him overtime compensation because he worked approximately 46 hours per week at Nipper Auto from November 2005 to July 2008. Nipper Auto claims that Brown falls within the administrative exemption to the FLSA's overtime compensation requirement. Even if it violated the FLSA, Nipper Auto argues that a liquidated damages award is inappropriate because it acted in good faith, that the FLSA's two-year statute of limitations applies because its violation was not willful, that Brown's overtime compensation should be calculated under the fluctuating workweek method, and that Brown's bonuses from Nipper Auto are creditable to the amount of overtime compensation due. Both parties moved for summary judgment. The court initially finds that Brown does not fall within the administrative exemption and therefore is entitled to overtime compensation. In addition, the court finds that Nipper Auto's actions were not willful, therefore the two-year statute of limitations applies; that the fluctuating work week method is inapplicable, therefore the rate of overtime compensation is one-and-one-half times the

regular rate of pay; and that Brown's bonuses are not part of his regular rate of pay and are not creditable to the amount of overtime compensation due. Finally, the court finds genuine issues of material fact exist as to whether Nipper Auto's violation was in good faith, and therefore it cannot grant summary judgment to either party as to the liquidated damages claim.

I.

The facts, construed in the appropriate light,[1] are as follows: Nipper Auto is an automotive supply store in Rich Creek, Virginia owned by Roger Nipper. Since its inception, the store has also sold musical instruments and supplies. Roger Nipper hung posters related to federal labor laws on the store walls in its original location and after it moved. The store had five employees: Roger Nipper; his wife Linda, the bookkeeper; Plaintiff Brown; Jeffrey Johnson, the manager; and Harold Shultz, the janitor and delivery person. Roger Nipper provided overtime compensation for hourly employees, but not salaried employees. Roger Nipper believed that this overtime compensation practice was lawful based on his lifetime experience in the workforce.

Brown began working at Nipper Auto in November 2005.[2] Brown sold auto parts, waited

---

[1] Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). To resolve cross-motions for summary judgment, the court reviews "each motion separately on its own merits to determine whether either of the parties deserves judgment as a matter of law." Rossignol v. Voorhaar, 316 F.3d 516, 523 (4th Cir. 2005). "When considering each individual motion, the court must take care to resolve all factual disputes and any competing, rational inferences in the light most favorable to the party opposing that motion." Id. (internal quotations omitted). Nipper Auto has moved for summary judgment on the administrative exemption, liquidated damages, and statute-of-limitations issues. Brown moved for summary judgment on all issues.

[2] Brown contends he was a counterman at Nipper Auto, while Roger Nipper contends Brown was the assistant manager. Since an employee's duties are relevant in the FLSA context, not his title, the court does not use either term to describe Brown's position.

on customers in the store, placed special orders for auto parts, purchased inventory, restocked shelves, cleaned the store, and counted the money in the store's cash register at the end of the day. Due to his musical background, Brown had primary responsibility in the store's music section. Brown, along with Roger Nipper and Johnson, also directed Shultz's delivery and janitorial duties. Nipper required Brown to arrive at the store before it opened and to stay until it closed, from approximately 7:30 a.m. to 5:30 p.m. on Monday to Friday, and from 7:30 a.m. to 2:00 p.m. on Saturday. During the workday, Brown ran personal errands and handled tasks related to his garage business. Brown, Roger Nipper, and Johnson generally took staggered lunch breaks of approximately 20 to 30 minutes. Brown took several vacation days each year. Nipper Auto did not reduce Brown's compensation for the time periods during which he worked fewer hours or took vacation. Brown earned $460 per week until April 2008, when his salary was increased to $480 per week. Brown also received discretionary, quarterly bonuses when the store's sales percentage was higher in a given month than it was in that month for the previous year. Brown left Nipper Auto in July 2008.

## II.

Nipper Auto argues that Brown falls within the administrative exemption to the FLSA's overtime compensation requirements because his duties were very similar to those of Roger Nipper and Johnson, and generally related to the day-to-day running of the business. Brown argues that he did not fall within the administrative exemption because he was a mere salesman at Nipper Auto who lacked discretion and had no input in the business's general operations and management activities. The court agrees with Brown.

Under the FLSA, employers must pay overtime compensation to employees who work

3

more than forty hours per week. 29 U.S.C. § 207(a)(1). However, an employee working "in a bona fide administrative capacity" is exempt from the overtime compensation requirement. The administrative exemption applies to an employee (1) who earns at least $455 per week; (2) "[w]hose primary duty is the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's clients" and (3) "[w]hose primary duty includes the exercise of discretion and independent judgment with respect to matters of significance." 29 C.F.R. § 541.200(a). The employer bears the burden of proving, by clear and convincing evidence, that an employee qualifies for an exemption. Desmond v. PNGI Charles Town Gaming, L.L.C., No. 08-1216, – F.3d –, 2009 WL 1175537, at *3 (4th Cir. April 30, 2009). "FLSA exemptions are to be 'narrowly construed against the employers seeking to assert them and their application limited to those establishments plainly and unmistakably with [the exemptions'] terms and spirit.'" Id. (quoting Arnold v. Ben Kanowski, Inc., 361 U.S. 388, 392 (1960)). Because Brown's primary duty did not directly relate to Nipper Auto's management or general business operations, the court finds Nipper Auto's evidence has failed to demonstrate a triable issue of fact as to the second prong of the administrative exemption test; accordingly, Brown does not fall within the administrative exemption to the FLSA's overtime compensation requirement.

For FLSA purposes, an employee's "primary duty" is "the principal, main, major or most important duty that the employee performs . . . . based on all the facts in a particular case, with the major emphasis on the character of the employee's job as a whole." 29 C.F.R. § 541.700(a). Work is "directly related to the management or general business operations" of the employer when it is "directly related to assisting with the running or servicing of the business, as

4

distinguished . . . from . . . selling a product in a retail or service establishment." 29 C.F.R. § 541.201(a). "Work directly related to management or general business operations includes, but is not limited to, work in functional areas such as . . . quality control; purchasing; [and] procurement." 29 C.F.R. § 541.201(b). However, "assistant managers in a retail establishment who perform exempt executive work such as supervising and directing the work of other employees, ordering merchandise . . . may have management as their primary duty even if the assistant managers spend more than 50 percent of the time performing nonexempt work such as running the cash register." 29 C.F.R. § 541.700(c). "[T]he indispensability of an employee's position within the business cannot be the *ratio decidendi* for determining whether the position is directly related to the employer's general business operations." Desmond, 2009 WL 1175537, at *3. Instead, "[b]oth the FLSA and its regulations make clear that an employee is exempt based on the *type* of work performed by that individual not whether the business practice or applicable law require a particular position to exist." Id. at *4.

Brown's primary duties were sales and other non-exempt work, not running or servicing the business. Nipper Auto attempts to characterize Brown's duties as procurement and quality control, exempt activities; but since his activities generally concerned ordering auto parts based on customers' requests, these duties are more aptly described as sales, a non-exempt activity. Roger Nipper has indicated no significant managerial decisions or changes that he has made during Brown's tenure at Nipper Auto in which Brown had input. Indeed, Nipper Auto's music section, where Brown is purported to have had primary authority, existed before Brown's hiring and has continued to exist after his termination. Finally, Brown's intermittent supervision of Shultz fails to show that his primary duty was an exempt activity.

5

This result is consistent with Stricker v. E. Off Road Equip., Inc., 935 F.Supp. 650, (D. Md. 1996), the case Nipper Auto cites to support its position. In Stricker, the court held that a sales employee whose duties included "routine and special procurement or inventory, negotiating prices with dealers and purchasers of the store's merchandise, the Dealer Sales Program [a business development strategy], and the cash management of the store" fell under the FLSA's administrative exemption. Id. at 657. The plaintiff in Stricker was "'the highest ranking employee located at his store" who "[e]ither alone, or with a co-manager . . . was responsible for the 'day-to-day operations' of the store," and assisted in the formulation of a business development strategy. Id. at 659. Brown, by contrast, could not negotiate prices, did not assist in business development matters, was never the highest-ranking employee in the store, was never solely responsible for the day-to-day operations of the store, and was rarely left alone in the store for more than 30 minutes.[3]

Therefore, Brown's primary duty did not relate to the management or general business operations of the store. Because Nipper Auto has failed to establish a triable issue of fact as to the second prong in the administrative exemption test, the court need not consider whether Brown's primary duty involved the exercise of discretion. The court finds that Nipper Auto has failed to demonstrate facts that would allow a reasonable jury to conclude that Brown falls within the administrative exemption; therefore, Brown is entitled to overtime compensation and the court grants summary judgment to Brown as to this issue.

---

[3]Nipper Auto also argues that the recent amendments to the regulations defining the administrative exemption favor its position. However, the amended regulations "were not designed to significantly change the criteria for the [administrative] exemption." Desmond, 2009 WL 1175537, at *6.

## III.

Even assuming Brown is entitled to overtime compensation under the FLSA, Nipper Auto argues that Brown is not entitled to liquidated damages, that the two-year statute of limitations applies to his case, that his overtime compensation should be awarded according to the fluctuating work week method, and that Brown's bonuses should be credited toward the amount of overtime compensation he is due. The court considers each claim in turn.

### A.

Nipper Auto argues that an award of liquidated damages is inappropriate because it acted in good faith. Nipper Auto notes that Brown never requested overtime compensation until the present suit, even though Brown owns his own business and had a similar education-level to that of Roger Nipper. Brown argues that Nipper Auto has not shown that its actions were in good faith because Roger Nipper failed to seek legal advice regarding the applicability of the FLSA even though Roger Nipper himself had posted FLSA notices on the store walls. The court finds genuine issues of material fact as to whether Roger Nipper acted in good faith, and accordingly denies both parties summary judgment on that issue.

An employer who violates the FLSA's overtime compensation requirements ordinarily must pay the employee for his unpaid overtime work, plus "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). Though a liquidated damages award is "the norm," Mayhew v. Wells, 125 F.3d 126, 220 (4th Cir. 1997), if "the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not in violation of the [FLSA] . . . the court may, in its sound discretion, award no liquidated damages." 29 U.S.C. § 260. Good

7

faith is measured on an objective standard, Clifton D. Mayhew. Inc. v. Wirtz, 413 F.2d 658, 661 (4th Cir. 1969), and the employer bears "the plain and substantial burden of persuading the court by proof that his failure to obey the statute was both in good faith and predicated upon such reasonable grounds that it would be unfair to impose upon him more than a compensatory verdict," Burnley v. Short, 730 F.2d 136, 140 (4th Cir. 1984). Courts have found good faith when an employer's FLSA violation was based on advice of counsel and part of ongoing modifications to its compensation structure to account for FLSA amendments, Roy v. County of Lexington, 141 F.3d 533, 548 (4th Cir. 1998), and when the employee in question does not approach the employer seeking overtime compensation and the employee's overtime work is voluntary, Mayhew, 125 F.3d at 221 (4th Cir. 1997).[4] However, "an employer may not simply remain blissfully ignorant of FLSA requirements," Burnley, 730 F.2d at 140, and an employer's knowledge of the employee's overtime work may indicate a lack of good faith in failing to pay overtime compensation. Lyle v. Food Lion, Inc., 954 F.2d 984, 987-88 (4th Cir. 1992). "Mere reliance upon an agreement to pay less wages will not suffice to relieve the employer from payment of liquidated damages." Wright v. Carrigg, 275 F.2d 448, 449 (4th Cir. 1960).

Roger Nipper required Brown to work more than 40 hours per week and failed to seek legal advice as to whether his compensation structure complied with the FLSA. However, Roger Nipper asserted that, based on his business experience, he believed that salaried employees were

---

[4]Courts have sometimes combined the "willfulness" inquiry as to the statute of limitations and the "good faith" inquiry as to liquidated damages. E.g., Mayhew v. Wells, 125 F.3d 216, 221 n.4 (4th Cir. 1997); West v. Anne Arundel County, Md, 137 F.3d 752, 764 (4th Cir. 1998). These two inquiries are not the same. A finding of willfulness would likely preclude a finding of good faith. However, the existence of a genuine issues of material fact as to good faith does not require the same finding as to willfulness. Burgess v. Catawba County, 805 F.Supp. 341, 351 (W.D.N.C. 1992).

8

not due overtime compensation under the FLSA, and his overtime compensation practices reflected this belief. The court finds that genuine issues of material fact remain as to whether Nipper Auto's violation was in good faith, and therefore, denies summary judgment to both parties on this issue.

## B.

Nipper Auto argues that its FLSA violation was not willful, and therefore Brown's damages are limited by the statute's two-year statue of limitations. Nipper Auto notes that Brown never requested overtime compensation until the present suit and that Brown has not shown that Nipper Auto knew it had misclassified him or acted with reckless disregard for the law. Brown argues that Roger Nipper had constructive knowledge of the overtime compensation requirements because he hung posters related to the FLSA in the store but took no action to determine whether Nipper Auto complied with that Act. The court finds that Brown's evidence is insufficient to allow a reasonable jury to conclude that Nipper Auto's violation was willful.

"Ordinary violations of the FLSA are subject to the general 2-year statute of limitations. To obtain the benefit of the 3-year exception, the [plaintiff] must prove that the employer's conduct was willful." McLauchlin v. Richland Shoe Co., 486 U.S. 128, 134 (1988); 29 U.S.C. § 255(a). Under the FLSA, a willful act is "generally understood to refer to conduct that is not merely negligent" but rather an act that indicates "the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the [FLSA]." Id. Mere knowledge that the FLSA was "in the picture" is insufficient. Id. at 132-33. By setting this standard, "Congress 'intended to draw a significant distinction between ordinary violations and willful violations of the [FLSA]." Hanger v. Lake County, 390 F.3d 579, 583 (8th Cir. 2005).

9

The plaintiff bears the burden of proving willfulness. Koelker v. Mayor of Cumberland, 599 F.Supp. 2d 624, 632 n.8 (D. Md. 2009). See also Baystate Alt. Staffing, Inc. v. Herman, 163 F.3d 668 (1st Cir. 1998) (questioning whether the current regulations comport with the heightened willfulness standard established in Richland Shoe); Trans World Airlines, Inc. v. Thurston, 469 U.S. 111, (1985) (discussing the standard).

Brown has failed to marshal evidence sufficient for a reasonable jury to conclude that Nipper Auto's FLSA violation was willful. Roger Nipper hung FLSA-related posters in his store and compensated hourly employees for overtime work. Roger Nipper stated he had read the posters, and believed that salaried employees were not entitled to overtime compensation. This evidence may support a finding of negligence, but negligence is not enough: Brown must show willfulness or recklessness, and the evidence he forecasts shows neither. Therefore Brown may recover only for violations within the two-year statute of limitations, and the court grants Nipper Auto's motion for summary judgment on this issue.

### C.

Nipper Auto argues that if Brown is entitled to overtime compensation, it should be calculated using the fluctuating workweek method of payment (the "FWW"), under which an employee's overtime pay rate is half his regular pay rate. Brown argues that the FWW should not apply and that his overtime compensation rate should be one and one-half times his regular rate. The court agrees with Brown.

Generally, the rate for overtime compensation is one and one-half times the regular rate of pay, 29 U.S.C. § 207(a)(1), but when the FWW method applies, the rate for overtime

compensation is one-half the regular pay. 29 C.F.R. § 778.114 (a) (2003);[5] Knight v. Morris, 693 F. Supp. 439, 445 (W.D. Va. 1988). The FWW method is not an exception to the normal method of computing overtime compensation under the FLSA, "[i]t merely provides an alternative means by which an employer can determine its employees' regular and overtime rate of pay." Flood v. New Hanover County, 125 F.3d 249, 252 (4th Cir. 1997). The employer must satisfy five conditions in order to take advantage of the FWW calculation: (1) the employee's hours must fluctuate from week to week, (2) the employee must receive a fixed salary, (3) the salary must meet the minimum wage standards, (4) the employee and the employer must have a clear mutual understanding that the salary (not including overtime premiums) is fixed regardless of the number of hours the employee works, and (5) the employee must receive overtime compensation for hours worked in excess of forty hours, not less than the one-half rate of pay. Id.; 29 C.F.R. § 778.114(a). Though the first three FWW requirements are established,[6] the court finds that the FWW method does not apply because Nipper Auto cannot fulfill the fourth and fifth requirements.

### 1.

Under the fourth requirement, the parties must have a clear mutual understanding that

---

[5]Where there is a clear mutual understanding of the parties that the fixed salary is compensation (apart from overtime premiums) for the hours worked each workweek, whatever their number, rather than for working forty hours or some other fixed weekly work period, such a salary arrangement is permitted by the Act if the amount of the salary is sufficient to provide compensation to the employee at a rate not less than the applicable minimum wage rate for every hour worked, and if he receives extra compensation for all overtime hours worked at a rate not less than one-half his regular rate of pay. 29 C.F.R. § 778.114(a).

[6] First, both parties agree that Brown's hours fluctuated from week to week, even though he arrived and departed at set times. See Griffin v. Wake County, 142 F.3d 712, 715 (4th Cir. 1998) (explaining that FWW may apply even if the employee's fluctuating schedule is predictable). Second, Brown received a fixed salary of $460.00 per week. Third, this salary meets the minimum wage standards since it is approximately $10.00 per hour. 29 U.S.C. § 206(a).

"the fixed salary is to be compensation for all straight time hours worked, whether few or many." Mayhew, 125 F.3d at 219. The burden is on the employer to show the existence of a clear mutual understanding. Monahan v. County of Chesterfield, 95 F.3d 1263, 1275 n.12 (4th Cir. 1996). If the employer believed the employee was exempt from overtime compensation, "then it was not possible . . . to have had a clear mutual understanding . . . that [the employee] was subject to [a] calculation method applicable only to non-exempt employees who are entitled to overtime compensation." Cowan v. Treetop Enter., 163 F. Supp. 2d 930, 942 (M.D. Tenn. 2001); (quoting Rainey v. Am. Forest & Paper Ass'n Inc., 26 F. Supp. 2d 82, 102 (D.D.C. 1998)).

Nipper Auto cannot establish the fourth requirement because its principal argument is that Brown is an FLSA-exempt employee not entitled to any overtime compensation; in the alternative, Nipper Auto argues that the parties had an implied understanding with Brown regarding his salary and overtime compensation. If Nipper Auto believed Brown was exempt, the requisite clear mutual understanding for the application of the FWW method could not have existed. Rainey, 26 F. Supp.2d at 102. Both parties understood that Brown would receive no additional salary no matter how many hours he worked in a given week, but § 778.114(a) specifies that the fixed salary does not include overtime premiums. The court finds that, because Nipper Auto believed Brown was an FLSA-exempt employee, it has failed to create a material issue of fact as to the clear mutual understanding required to apply the FWW method.

### 2.

In addition to this clear mutual understanding, under the fifth FWW requirement, the employer must also demonstrate that the employee has actually received some form of overtime compensation. See Cowan, 163 F.Supp. 2d at 941 ("Moreover, to comply 29 C.F.R. Section

12

778.114 requires a *contemporaneous* payment of the half-time premium for an employer to avail itself of the fluctuating workweek provision."). Indeed, the Fourth Circuit has applied the FWW method only when the employee has received contemporaneous payment for overtime. See generally Flood, 125 F.3d at 252 (applying the FWW where the employer contemporaneously provided some form of overtime compensation); Griffin, 142 F.3d at 715 (same); Mayhew, 125 F.3d at 218 (same). It is undisputed that Nipper Auto did not pay Brown any overtime compensation during his employment. Because no form of overtime compensation was provided, Nipper Auto cannot apply the FWW method retroactively. Flood, 125 F.3d at 249; Griffin, 142 F.3d at 716. The court finds that Nipper Auto's evidence is insufficient to allow a reasonable jury to conclude that Brown is subject to the FWW method of compensation; therefore, Brown's overtime pay rate is one and one-half times his regular rate of pay. The court grants Brown's motion for summary judgment on this matter.

### D.

Finally, the parties dispute whether Brown's bonuses should be included in the calculation of his regular rate of pay, and whether these bonuses should be credited towards the amount of overtime compensation he is due. The court finds these bonuses are discretionary and therefore not part of Brown's regular rate of pay, and that they cannot be credited to overtime.

### 1.

Generally, an employee's regular rate of pay includes "all remuneration for employment paid to, or on behalf of, the employee." 29 U.S.C. § 207(e). However, purely discretionary bonuses are excluded from the FLSA's calculation of the regular rate of pay. 29 C.F.R. § 778.208. An employee's regular rate of pay does not include "[s]ums paid in recognition of

13

Case 7:08-cv-00521-SGW-mfu    Document 23    Filed 05/21/09    Page 13 of 15    Pageid#: 539

services performed during a given period if . . . both the fact that payment is to be made and the amount of the payment are determined at the sole discretion of the employer at or near the end of the period and not pursuant to any prior contract, agreement, or promise causing the employee to expect such payments regularly." 29 U.S.C. § 207(e)(3). Therefore, a bonus is no longer discretionary, and is included in the calculation of the regular rate of pay when "the employer promises in advance to pay a bonus," 29 C.F.R. § 778.211(b), "even if that promise is attended by certain conditions." Gonzales v. McNeil Tech., No. 1:06cv204, 2007 WL 1097887, at *4 (E.D. Va. Apr. 11, 2007). Employers bear the burden to prove that certain payments should be excluded from the regular rate of pay. Id. at *3.

Roger Nipper testified that bonuses were paid under certain conditions, but he did not promise such bonuses would be paid beforehand. Therefore, the court finds that Brown's evidence is insufficient to allow a reasonable jury to conclude that Roger Nipper did not have sole discretion as to whether and in what amount these bonuses were paid; therefore, these bonuses should be excluded from Brown's regular rate of pay.

### 2.

The FLSA permits employers to credit certain types of extra compensation toward overtime compensation. 29 U.S.C. § 207(h). The creditable amounts do not include discretionary bonuses, however, and courts generally decline to credit employers for payments made outside the creditable payments listed in the FLSA. See Dunlop v. Gray-Goto, Inc., 528 F.2d 792, 794 (10th Cir. 1976); Roland Elec. Co. v. Black, 163 F.2d 417, 421 (4th Cir. 1947). Therefore, the court finds that Nipper Auto's evidence is insufficient to allow a reasonable jury to conclude that these discretionary bonuses are creditable toward the amount of overtime

14

compensation that Nipper Auto owes Brown. Accordingly, the court grants Brown's motion for summary judgment as to this issue.

## IV.

For the foregoing reasons, Brown's motion for summary judgment is **GRANTED** in part, and **DENIED** in part. Nipper Auto's motion for summary judgment is **GRANTED** in part and **DENIED** in part.

It is so **ORDERED**.

**ENTER**: This May 21, 2009.

_____
UNITED STATES DISTRICT JUDGE