CLERK'S OFFICE U.S. DISTRICT COURT
AT ROANOKE VA. - FILED

JUN 2 2 2009

JOHN F. CORCORAN, CLERK
BY: /s/ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| THOMAS BROWN, | ) | |
|    Plaintiff, | ) | Civil Action No. 7:08cv00521 |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| NIPPER AUTO PARTS AND | ) | |
|    SUPPLIES, INC., | ) | By: Samuel G. Wilson |
|    Defendant. | ) | United States District Judge |

This is an overtime compensation suit by Plaintiff Thomas Brown against his former employer Nipper Auto Parts and Supplies, Inc. ("Nipper Auto") for alleged violations of the Fair Labor Standards Act of 1938, 20 U.S.C. §§ 201, *et seq.* (2000) ("FLSA"). Nipper Auto claims that Brown is not entitled to overtime compensation because he is an exempt administrative employee. Even if Brown is not exempt, Nipper Auto claims that liquidated damages are inappropriate because it acted in good faith. Both parties moved for summary judgment. In its previous opinion, the court granted partial summary judgment for Brown, finding he is not an exempt administrative employee. Brown v. Nipper Auto Parts & Supplies, Inc., No.7:08cv521, 2009 WL 1437836, at *2-3 (W.D. Va. May 21, 2009). The court found genuine issues of material fact prevented it from granting summary judgment as to good faith. Id. at *4. The parties have since agreed that the court may decide that issue on the record. The court now finds that Nipper Auto acted in good faith and declines to award liquidated damages.

I.

Nipper Auto is an automotive supply store in Rich Creek, Virginia, started by Larry Nipper and now owned by Roger Nipper, his brother. In November 2005, Brown asked Roger Nipper for a job at Nipper Auto after leaving his job running his own garage. At that time, Nipper Auto had three other employees: the bookkeeper and Roger Nipper's wife, Linda Nipper; the

manager Jeffrey Johnson; and the delivery person Harold Shultz. Roger Nipper hired Brown to work approximately 46 hours per week at a rate of $460 per week, until April 2008, when he raised this rate to $480 per week.

Roger Nipper hung FLSA posters in the store and read them. Based on his understanding of the FLSA and on his twenty years in the workforce, Roger Nipper believed that only hourly employees received overtime compensation. As such, Roger Nipper paid Schultz, Nipper Auto's only hourly employee, one-and-one-half times his regular rate of pay for his overtime work. Roger Nipper did not ask Brown and Johnson, both salaried employees, to record their overtime work and he did not compensate them for overtime work. Roger Nipper also paid Brown periodic, discretionary bonuses, and did not reduce Brown's weekly pay for time spent at lunch, on vacation, or tending to personal affairs during work hours.

Brown did not complain about working overtime without compensation, and neither Brown nor Johnson discussed overtime compensation with Roger Nipper or with each other. Brown believed Roger Nipper was grooming him to buy Nipper Auto; Brown did not request overtime compensation because he felt the extra work would benefit him. In July 2008, after he learned that others would have the first opportunity to buy Nipper Auto, Brown resigned.

## II.

Nipper Auto argues that the court should not award liquidated damages because Roger Nipper believed in good faith that only hourly employees were entitled to overtime compensation. Brown argues that Nipper Auto has not proven good faith because Roger Nipper did not adequately investigate the FLSA's applicability to the store. The court agrees with Nipper Auto.

2

When an employer violates the FLSA's overtime compensation provisions, the court can award liquidated damages equal to the amount of unpaid overtime expenses. 29 U.S.C. § 216(b). Though awarding liquidated damages is "the norm," Mayhew v. Wells, 125 F.3d 216, 220 (4th Cir. 1997), a court may decline to award them "if the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the [FLSA]." 29 U.S.C. § 260. Even if the court is convinced of the defendant's good faith and reasonableness, "the court is permitted, but not required, in its sound discretion to reduce or eliminate the liquidated damages which would otherwise be required in any judgment against the employer." 29 C.F.R. § 790.22. "If . . . the employer does not show to the satisfaction of the court that he has met the two conditions mentioned above, the court is given no discretion by the statute, and it continues to be the duty of the court to award liquidated damages." Id. The employer bears the "plain and substantial burden" of proving good faith, Wright v. Carrigg, 275 F.2d 448, 449 (4th Cir. 1960), as measured on an objective standard, Clifton D. Mayhew, Inc. v. Wirtz, 413 F.2d 658, 661 (4th Cir. 1969). Numerous factors are relevant to the liquidated damages determination.[1]

In Nipper Auto's case, the court declines to award liquidated damages based on the following factors: Nipper Auto is a small, close-knit, family-owned store; based on his twenty years in the workforce and a layman's understanding of the FLSA, Roger Nipper believed that

---

[1] Courts have declined to award liquidated damages when the employer is a small, family business, Rau v. Darling's Drug Store Inc., 388 F. Supp. 877, 887 (W.D. Pa. 1975); Anderson v. N. Roanoke Veterinary Clinic, Inc., No. 96-0250-R1997, U.S. Dist. LEXIS 12690, at *8 (W.D. Va. August 1, 1997), when the employer neither knew nor suspected its FLSA violation, Hawks v. City of Newport News, Va., 707 F. Supp. 212, 217 (E.D. Va. 1988); Horan v. King County, Wash. Div. of Emergency Med. Servs., 740 F.Supp. 1471, 1482 (W.D. Wash. 1990), or when an employee voluntarily worked overtime without requesting compensation, Wells, 125 F.3d at 221.

only hourly employees were entitled to overtime compensation; Roger Nipper attempted to comply with the FLSA, as he understood it, by hanging FLSA posters in his store and compensating Shultz for his overtime work; Brown, whose educational and vocational background is similar to that of Roger Nipper, voluntarily worked overtime without requesting compensation; and Roger Nipper gave his employees bonuses and did not reduce their pay for lunches, vacations, or personal errands.[2] Therefore, Nipper Auto has established to the court's satisfaction that its FLSA violation was in good faith and that it has reasonable grounds to believe its pay practices did not violate the FLSA.[3]

### III.

For the foregoing reasons, the court **DENIES** the award of liquidated damages.

ENTER: This June 22, 2009.

_____
UNITED STATES DISTRICT JUDGE

---

[2] Though some courts analyze good faith and reasonableness separately, Chao v. Barbeque Ventures, LLC, 547 F.3d 938, 941-43 (8th Cir. 2008), the court finds that here, as in Roy v. County of Lexington, 141 F.3d 533, 548-49 (4th Cir. 1998), the same evidence establishes both good faith and reasonableness.

[3] An employer may not "simply remain blissfully ignorant of the FLSA requirements," thus taking an "ostrichlike approach" to the FLSA. Roy, 141 F.3d at 548-49. Some courts also require the employer to take "active steps" to comply with the FLSA. See Lockwood v. Prince George's County, 217 F.3d 839 (4th Cir. 2000) (Table) (stating that "[t]he Second Circuit has noted that . . . within the context of 29 U.S.C. § 260, good faith requires that an employer first take active steps to ascertain the dictates of the FLSA and then move to comply with them"). Other courts state that the employer has general a "duty to investigate" the FLSA's applicability. Rogers v. Savings First Mortgage, 362 F.Supp. 2d 624, 638 (D. Md. 2005); Troutt, 905 F. Supp. 295, 302 (M.D.N.C. 1995). To the extent the Fourth Circuit has adopted this approach, the court finds that Roger Nipper took adequate active steps and investigated properly by hanging a FSLA poster at Nipper Auto, reading that poster, and paying his employees according to his understanding of the FLSA.